UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>        Plaintiff,<br><br>v.<br><br>JORGE LUIS MAGDALENO dba<br>MERCADO SOL DEL VALLE, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-00181-SAB<br><br>ORDER RE STIPULATION TO SET ASIDE DEFAULT<br><br>(ECF No. 21) |

**STIPULATION TO SET ASIDE DEFAULT**

IT IS HEREBY STIPULATED BY AND BETWEEN PLAINTIFF JOSE TRUJILLO ("Plaintiff"), through his attorney of record, Tanya E. Moore, DEFENDANT JORGE LUIS MAGDALENO dba MERCADO SOL DEL VALLE, ("Defendant"), through his attorney of record, Erika L. Rascon, and DEFENDANT SAM A. SCIACCA, Trustee of THE SCIACCA FAMILY REVOCABLE TRUST of October 22, 2001; MARLENE E. SCIACCA, Trustee of THE SCIACCA FAMILY REVOCABLE TRUST of October 22, 2001, through his attorney of record, Richard Rumery, that the clerk's Default entered on March 22, 2016 (Doc. 10), be set aside so that the matter may proceed on the merits.

In accordance with Rule 55(c) of the Federal Rules of Civil Procedure, the Court may "set aside an entry of default for good cause." *Id.* "To determine 'good cause', a court must 'consider[ ] three factors: *(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice'* the other party." (Emphasis Added.) <u>United States of America v. Signed Personal Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085,1092 (9th Cir. 2010) (quoting <u>Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.,</u> 375 F.3d 922, 925-26 (9th Cir. 2004).)

Here, Defendant has: 1) not engaged in any culpable conduct; 2) Defendant has a meritorious defense to this action as set forth in the proposed Answer attached hereto as Exhibit A; and 3) reopening the default will not prejudice Plaintiff because this Stipulation to Set Aside is brought within a reasonable time, and all named parties agree to this Stipulation and [Proposed] Order to Set Aside Default. Therefore, setting aside the default in this matter would not be improper.

Defendant further acknowledges and stipulates to the dates set forth in the Scheduling Order of the above-entitled Court that was entered on May 4, 2016 (Doc. 16).

In the event that the Court grants this Stipulation to Set Aside Default ("Stipulation"), Defendant will file its Answer. The [Proposed] Answer is attached hereto as Exhibit "A" and made a part hereof.

<u>Counterparts</u>: The execution of this Stipulation may be executed in counterparts and by facsimile or electronic signatures which shall be deemed the original signature for all purposes.

**IT IS SO STIPULATED.**

Dated:  6/20/2016               MOORE LAW FIRM, P.C.

                               By:  /s/ Tanya E. Moore _____
                               Tanya E. Moore, Attorney for Plaintiff


Dated:  6/23/2016               HORSWILL, MEDEROS, SOARES & ORMONDE

                               By:     /s/ Erika L. Rascon_____

|  |  |
|---|---|
|  | Erika L. Rascon, Attorney for Defendant JORGE LUIS MAGDALENO dba MERCADO SOL DEL VALLE |

Dated:  June 23, 2016                             RICHARD RUMERY, ATTORNEY AT LAW


By:    /s/ Richard Rumery
Richard Rumery, Attorney for SAM A. SCIACCA, Trustee of THE SCIACCA FAMILY REVOCABLE TRUST of October 22, 2001; MARLENE E. SCIACCA, Trustee of THE SCIACCA FAMILY REVOCABLE TRUST of October 22, 2001

## **ORDER**

Pursuant to the Parties' stipulation and good cause appearing, IT IS HEREBY ORDERED that the Default entered against Defendant JORGE LUIS MAGDALENO dba MERCADO SOL DEL VALLE on March 22, 2016 (Doc. 10), is set aside. Said Defendant shall file its Answer, a copy of which as submitted with the Parties' stipulation, within five days of the date of this Order.

IT IS SO ORDERED.

Dated:   **June 24, 2016**                         _____
                                                                   UNITED STATES MAGISTRATE JUDGE